IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

GREG ANDERSON,

      Plaintiff,

vs.

AMAZON.COM SERVICES LLC, a
foreign limited liability company, and
HANGZHOU LIXING TECHNOLOGY
CO., LTD., a foreign limited liability
company,

Case No: 2023-CA-004329

      Defendants.

_____/

## COMPLAINT

Plaintiff, GREG ANDERSON, sues Defendant, AMAZON.COM SERVICES LLC,

a foreign limited liability company (hereinafter "AMAZON"), and HANGZHOU LIXING

TECHNOLOGY CO., LTD., a foreign limited liability company (hereinafter HANGZHOU

LIXING TECHNOLOGY), and states the following:

1. This is a cause of action for damages in excess of $50,000.00.

2. All conditions precedent to filing this action have been complied with,

expired, and/or waived.

3. The incident described herein occurred in Lee County, Florida.

4. At all times material hereto, Plaintiff, GREG ANDERSON, was a resident

of Palm Beach County, Florida.

5. Defendant, AMAZON, is a foreign limited liability company licensed and authorized to conduct business in the State of Florida and conducting business in both Lee County, Florida and Palm Beach County, Florida.

6. Defendant, HANGZHOU LIXING TECHNOLOGY, is a limited liability company organized under the laws of China. At all times material hereto, Defendant, HANGZHOU LIXING TECHNOLOGY, conducted regular and sustained business in the State of Florida by selling and distributing its products in the State of Florida.

7. Venue is proper in the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida, as Plaintiff was injured from a defective ladder while using the ladder in Lee County, Florida.

8. At all times material hereto, Defendant, HANGZHOU LIXING TECHNOLOGY, designed, manufactured, imported, and/or distributed the Extension Ladder Versatile, 15 Ft A Frame Compact Aluminum Collapsible Telescoping Ladder, Multi Position Adjustable Folding Ladder, 300 Lb Capacity (hereinafter "the Ladder").

9. The Ladders were sold by Defendant, AMAZON, online and shipped nationwide.

10. The Ladders contained a defect that was present at the time of manufacture.

11. While in use, the top part of the Ladder snapped off from the bottom part of the Ladder, creating a fall hazard and risk of injury to users.

12. When the Ladders were placed into the stream of commerce by Defendants, AMAZON and HANGZHOU LIXING TECHNOLOGY, they were not

reasonably fit, suitable, or safe for their intended purpose or reasonably foreseeable use.

13. On October 2, 2022, Plaintiff, GREG ANDERSON, purchased a Ladder online from Defendant, AMAZON, and had it shipped to Palm Beach County, Florida.

14. On or about October 30, 2022, Plaintiff, GREG ANDERSON, was using the Ladder while completing a job in Lee County, Florida.

15. At that time and place, while Plaintiff, GREG ANDERSON, was using the Ladder, he clicked all parts in place and extended the top piece of the Ladder to reach the roof of the building at the job site in Lee County, Florida.

16. At that time and place, Plaintiff, GREG ANDERSON, was climbing up the Ladder when the top piece snapped off completely from the rest of the Ladder, causing the Ladder to collapse.

17. At that time and place, Plaintiff, GREG ANDERSON, was seriously injured when he fell to the ground after the Ladder collapsed.

18. Plaintiff, GREG ANDERSON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

19. Plaintiff, GREG ANDERSON, used the Ladder in the manner intended and reasonably foreseeable to the Defendants, AMAZON and HANGZHOU LIXING TECHNOLOGY.

## COUNT I – NEGLIGENCE CLAIM AGAINST AMAZON

20.    Paragraphs 1 – 19 are incorporated herein.

21.    As the marketer and seller of the Ladder, Defendant, AMAZON, had a duty to use reasonable care to market and sell a product that was reasonably safe for its intended or reasonably foreseeable uses.

22.    Defendant, AMAZON, breached this duty by marketing and selling a defective Ladder that broke and collapsed while in use and posed a risk of harm and injury to consumers.

23.    As a direct and proximate result of the negligence of Defendant, AMAZON, Plaintiff, GREG ANDERSON, used a defective Ladder that snapped and collapsed while in use and caused injuries to Plaintiff.

24.    Defendant, AMAZON's, negligence was the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, Plaintiff, GREG ANDERSON, demands judgment for damages against the Defendant, AMAZON.

## COUNT II – NEGLIGENT INSPECTION CLAIM AGAINST AMAZON

25.    Paragraphs 1 – 19 are incorporated herein.

26.    Defendant, AMAZON, held, inspected, distributed, and sold the subject Ladder.

27.    Defendant, AMAZON, had a duty to use reasonable care and perform an inspection of the Ladder in a reasonable manner.

28.     Defendant, AMAZON, negligently performed the inspection and/or failed to inspect the subject Ladder so that it did not discover or disclose to Plaintiff the Ladder's defects.

29.     Negligent inspection of the subject ladder was the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff, GREG ANDERSON, demands judgment for damages against Defendant AMAZON.

## COUNT III – NEGLIGENCE CLAIM AGAINST HANGZHOU LIXING TECHNOLOGY

30.     Paragraphs 1 – 19 are incorporated herein.

31.     As the designer, manufacturer, importer, and/or distributer of the Ladder, Defendant, HANGZHOU LIXING TECHNOLOGY, had a duty to use reasonable care to design and manufacture a product that was reasonably safe for its intended or reasonably foreseeable uses.

32.     Defendant, HANGZHOU LIXING TECHNOLOGY, breached this duty by designing, manufacturing, importing, and/or distributing a defective Ladder that broke and collapsed while in use and posed a risk of harm and injury to consumers.

33.     As a direct and proximate result of the negligence of Defendant, HANGZHOU LIXING TECHNOLOGY, Plaintiff, GREG ANDERSON, used a defective Ladder that snapped and collapsed while in use and caused injuries to Plaintiff.

34.     Defendant, HANGZHOU LIXING TECHNOLOGY's, negligence was the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, Plaintiff, GREG ANDERSON, demands judgment for damages against the Defendant, HANGZHOU LIXING TECHNOLOGY.

## COUNT IV – NEGLIGENT DESIGN CLAIM AGAINST HANGZHOU LIXING TECHNOLOGY

35.   Paragraphs 1 – 19 are incorporated herein.

36.   Defendant, HANGZHOU LIXING TECHNOLOGY, designed, manufactured, inspected, distributed, and sold the subject Ladder.

37.   Defendant, HANGZHOU LIXING TECHNOLOGY, knew or in the exercise of due care should have known the subject Ladder was designed in an unreasonably dangerous manner and would create a foreseeable and unreasonable zone of risk of harm to users and consumers.

38.   Defendant, HANGZHOU LIXING TECHNOLOGY, was under a duty to properly and adequately design, test, label, provide adequate warnings for, package, distribute, and sell the subject Ladder in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances, would use the Ladder, including the Plaintiff, GREG ANDERSON.

39.   Defendant, HANGZHOU LIXING TECHNOLOGY, as the designer of the subject Ladder, was under a duty to exercise ordinary care in the design and manufacture of its ladders used by consumers to reduce injuries from use or such a product.

40.   Defendant, HANGZHOU LIXING TECHNOLOGY, breached its duty to Plaintiff, GREG ANDERSON, by designing the subject Ladder that was defective and unreasonably dangerous to ultimate users, operators, or consumers. Specifically, Defendant negligently:

a) Designed the subject Ladder sold to Plaintiff with defective components such that the top piece of the Ladder snapped off, causing the Ladder to collapse;

b) Designed the subject Ladder sold to Plaintiff in such a way that, under normal use, the device failed;

c) Designed the subject Ladder so that it failed to work appropriately under normal use; and

d) Failed to warn consumers of the design defect.

41. The Ladder's design defect was the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff, GREG ANDERSON, demands judgment for damages against Defendant HANGZHOU LIXING TECHNOLOGY.

## COUNT V – NEGLIGENT MANUFACTURE CLAIM AGAINST HANGZHOU LIXING TECHNOLOGY

42. Paragraphs 1 – 19 are incorporated herein.

43. Defendant, HANGZHOU LIXING TECHNOLOGY, designed, manufactured, inspected, distributed, and sold the subject Ladder.

44. Defendant, HANGZHOU LIXING TECHNOLOGY, knew or in the exercise of due care should have known the subject Ladder was manufactured in an unreasonably dangerous manner and would create a foreseeable and unreasonable zone of risk of harm to users and consumers.

45. Plaintiff, GREG ANDERSON, owned the subject Ladder with all original parts and/or hardware, which were defective when he purchased the Ladder and caused his injuries.

46.    The subject Ladder purchased by Plaintiff had not been modified, altered, or misused and was in substantially the same condition it was in at the time it was placed into the stream of commerce by HANGZHOU LIXING TECHNOLOGY.

47.    Defendant, HANGZHOU LIXING TECHNOLOGY, was under a duty to properly and adequately manufacture, test, label, provide adequate warnings for, package, distribute, and sell the subject Ladder in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances, would use the Ladder, including the Plaintiff, GREG ANDERSON.

48.    Defendant, HANGZHOU LIXING TECHNOLOGY, as the manufacturer of the subject Ladder, was under a duty to exercise ordinary care in the design and manufacture of its ladders used by consumers to reduce injuries from use or such a product.

49.    Defendant, HANGZHOU LIXING TECHNOLOGY, breached its duty to Plaintiff, GREG ANDERSON, by manufacturing the subject Ladder that was defective and unreasonably dangerous to ultimate users, operators, or consumers. Specifically, Defendant negligently:

a)    Manufactured the subject Ladder sold to Plaintiff with defective components such as the top piece of the Ladder that snapped off, causing the Ladder to collapse;

b)    Manufactured the subject Ladder sold to Plaintiff in such a way that, under normal use, the device failed;

c)    Manufactured the subject Ladder without adequate inspection and testing to account for the risk of the Ladder breaking; and

d)    Manufactured the subject Ladder so that it failed to work appropriately under normal use; and

e)    Failed to warn consumers of the manufacturing defect.

50.    Negligent manufacture of the subject Ladder was the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff, GREG ANDERSON, demands judgment for damages against Defendant HANGZHOU LIXING TECHNOLOGY.

## COUNT VI – NEGLIGENT INSPECTION CLAIM AGAINST HANGZHOU LIXING TECHNOLOGY

51.    Paragraphs 1 – 19 are incorporated herein.

52.    Defendant, HANGZHOU LIXING TECHNOLOGY, designed, manufactured, inspected, distributed, and sold the subject Ladder.

53.    Defendant, HANGZHOU LIXING TECHNOLOGY, had a duty to use reasonable care and perform an inspection of the Ladder in a reasonable manner.

54.    Defendant, HANGZHOU LIXING TECHNOLOGY, negligently performed the inspection and/or failed to inspect the subject Ladder so that it did not discover or disclose to Plaintiff the Ladder's defects.

55.    Negligent inspection of the subject ladder was the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff, GREG ANDERSON, demands judgment for damages against Defendant HANGZHOU LIXING TECHNOLOGY.

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this __22nd__ day of March 2023.

By:_ /s/ Paul M. Adams _____
**PAUL M. ADAMS, ESQ.**
Attorney Email: padams@schwedlawfirm.com
**E-service Email: eservice@schwedlawfirm.com**
Bar Number: 977810
Schwed, Adams & McGinley, P.A.
7111 Fairway Drive, Suite 105
Palm Beach Gardens, Florida 33418
Telephone: (561) 694-6079
Facsimile: (561) 694-6089
*Attorneys for Plaintiff, GREG ANDERSON*