UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GREG ANDERSON**,

    Plaintiff,

v.                                                                       2:23-cv-1203-JLB-NPM

**AMAZON.COM SERVICES LLC**, and
**HANGZHOU LIXING TECHNOLOGY CO. LTD**,

    Defendants.

## ORDER REMANDING CASE TO STATE COURT

In October of 2022, plaintiff Greg Anderson purchased a telescoping ladder online from a third-party seller through defendant Amazon.com Services LLC ("Amazon"). While working to complete a job in Lee County, Florida, Anderson fell nine feet onto concrete after the ladder collapsed. (Doc. 3, ¶¶ 13-17). But there were apparently no broken bones, emergency-room visit, or hospitalization. Rather, Anderson visited an urgent-care clinic and obtained some follow-up care for tissue injuries and pain. In March of 2023, he initiated suit in state court against Amazon and Hangzhou Lixing Technology Co. Ltd ("Hangzhou"), the ladder manufacturer.[1]

---

[1] Anderson has filed neither a return of executed service on, nor a waiver of service from, Hangzhou, and he has failed to comply with the court's order that he show cause by April 10, 2024, why Hangzhou should not be dropped for lack of service. (Doc. 8 at 1-2). Moreover, it does not appear that Anderson is making any effort to serve Hangzhou with process since he has never obtained a summons directed to it while the action has been pending in federal court.

Amazon timely removed the dispute to this court based on diversity jurisdiction. Now Anderson moves to remand the action back to state court.

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441. This includes actions in which the federal court has diversity jurisdiction under 28 U.S.C. § 1332—that is, matters in which the opposing parties are diverse in their citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Thompson v. Target Corp.*, 861 F. App'x 325, 327 (11th Cir. 2021). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly with doubts resolved in favor of remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

"A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (citations omitted). But "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, "the defendant seeking removal must establish by a

preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation omitted).

"Under 28 U.S.C. § 1446(b), removing defendants can rely on a variety of evidence to establish an amount in controversy including demand letters, depositions, and medical records." *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FtM-38MRM, 2020 WL 897986, *2 (M.D. Fla. Feb. 21, 2020) (citing *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998) ("Generally, defendants can use demand letters, as 'other paper' under 28 U.S.C. § 1446(b), to determine whether a case is removable.")); *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1293 n.4 (M.D. Fla. 2009) ("[R]emoval would be appropriate if Defendant had used an 'other paper' under 28 U.S.C. § 1446(b) to establish the jurisdictional amount, such as Plaintiff's answers to requests for admissions regarding the jurisdictional amount, interrogatory responses regarding the amount of Plaintiff's damages, deposition testimony, or even medical bills or invoices establishing the amount of Plaintiff's damages.").

In removing this matter, Amazon primarily relies upon Anderson's December 7, 2023 demand letter. (Docs. 1-7; 15-4). Anderson sought a $195,000 settlement based on $15,582.10 for past medical care and a ballpark figure of $150,000 for potential care in the future, such as "medications, follow-up [doctor] visits, physical

therapy, pain management injections, and surgery on his spine for herniations and annular tears." (*Id.* at 2). Anderson disputes the legal significance of the demand, contending that it merely contains "posturing and puffery" with no factual, evidentiary assessment of his future damages, and thus should not be afforded any weight in determining the amount in controversy. (Doc. 15 at 8). Anderson also points to his responses to Amazon's requests for admissions—as to whether the amount in controversy would exceed $75,000—initially responding "without knowledge, therefore denied" and in his second updated response—"denied." (Docs. 15-6, 15-8). On the other hand, when asked whether the amount in controversy would *not* exceed $75,000, Anderson denied that as well. (Doc. 15-8 at 2).[2] In short, Anderson professes that his RFA responses simply reflect a lack of knowledge about any reliable measure of his damages. (Doc. 15 at 5).

"Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of the claim.'" *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, *2 (M.D. Fla. Nov. 5, 2010).

---

[2] This equivocation suggests that the bad-faith exception to the one-year rule for diversity removals may apply to any future effort to remove this action to federal court once again. *See* 28 U.S.C. § 1446(c)(1).

Although this court in certain instances has placed little weight on a party's settlement offer or demand letter when determining whether the amount in controversy has been met, *Morris v. Bailo*, No. 2:17-cv-224-FTM-99CM, 2017 WL 7355308, *1 (M.D. Fla. May 1, 2017), a demand that goes beyond mere posturing and offers specific information to make a reasonable assessment of the amount in controversy may be considered. *See Spector v. Suzuki Motor of America*, 2:17-cv-650-FtM-99CM, 2018 WL 345925, *3 (M.D. Fla. Jan. 9, 2018).

While Anderson's demand contains more than just a conclusory request for $195,000, it still falls short of demonstrating—by a preponderance of the evidence—that the amount in controversy exceeds $75,000. Over eight months into litigation and some fourteen months since the accident, Anderson accrued only $15,582.10 in medical bills, involving initial treatment at Jupiter Medical Center Urgent Care and "rigorous chiropractic treatment" and "facet injections" thereafter. (Doc. 15-4 at 1-2). While Anderson suffered disc herniations and annular tears in his spine, ankle tenosynovitis, Achilles tendon sprain, and posterior tibialis tendon dysfunction; and his doctors recommended continued physical therapy, pain management injections, and spine surgery (*Id.*); this only hints at the *possibility* of future medical expenses that, at the time removal, remained unquantified by any fact or opinion evidence. *Cf. Beauliere v. JetBlue Airways Corp.*, No. 20-CIV-60931-RAR, 2020 WL 6375170, *4 (S.D. Fla. Oct. 29, 2020) (plaintiff seeks only $32,607.27 for past medical

expenses and no other damages are specified, justifying remand); *Gluth*, 2020 WL 897986, at *2-3 (finding demand letter adequately demonstrated the amount-in-controversy when "[p]laintiff present[ed] a list of his future medical expenses based on recommendations from his physician. These expenses are itemized, and Plaintiff present[ed] a cost for each item of treatment rather than a lump sum. Plaintiff also explain[ed] the detailed methodology he used to calculate his past and future economic losses."). Furthermore, there is no evidence such as a pre-operative clearance, demonstrating that Anderson intended to schedule and undergo spine surgery.

Thus, the suggestion that the jurisdictional amount was satisfied *at the time of removal* by unknown future medical costs rests on little more than speculation. *See Johnson-Lang v. Fam. Dollar Stores of Fla.*, LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, *2 (M.D. Fla. Apr. 27, 2021) (finding doctor's recommendation for "acromioplasty," pain management, epidural steroid injections, TENS unit, and possible surgery to be too speculative to establish the amount in controversy); *Pennington v. Covidien LP*, No. 19-cv-273-T-33AAS, 2019 WL 479473, *2 (M.D. Fla. Feb. 7, 2019) (finding that a $110,000 surgery, unscheduled and not yet deemed necessary, was too speculative to be considered in the court's jurisdictional analysis). Therefore, Amazon has not satisfied its burden, and the court must remand. *See Dudley*, 778 F.3d at 912.

Accordingly, Anderson's motion to remand (Doc. 15) is **GRANTED**. If no objections are filed within **fourteen days** of this order, which is the time allotted under Civil Rule 72(a), the clerk is directed to **REMAND** this case back to state court by transmitting a certified copy of this order to the clerk for Florida's Twentieth Judicial Circuit in and for Lee County with respect to state-court case number 2023-CA-004329. Following remand, the clerk is directed to terminate any pending motions and scheduled events and close the case. If any objections are timely filed, then the clerk is directed to withhold disposition until so ordered by the District Judge.[3]

---

[3] "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-CV-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

**ORDERED** on August 1, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to seek a Rule 72 review of the order*.") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 SETON HALL CIRCUIT REV. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judges statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protected the parties' rights to request district-judge review, as is done here. And judicial efficiency—the overall purpose of § 636 and the command of Civil Rule 1—compels this approach because an order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"